THE STATE v. HENRY, (A SLAVE.)

A bill of exceptions does not lie in criminal cases.

ERROR to St. Louis Circuit Court.

TOMPKINS, J., delivered the opinion of the Court.

This was an indictment in the Circuit Court of St. Louis county to which the defendant pleaded *not guilty*. On the trial the State produced a witness named Joseph Lee, a colored man, who was alledged to be the owner of the property charged to have been stolen. He testified that he was a barber in the city of St. Louis, and kept a shop for carrying on his trade: that the prisoner had frequently been in his shop and knew the situation of the different articles therein, and in the absence of the witness frequently sold articles for him. He further stated that some time within a year before the trial, a bottle of Cologne water of the value of one dollar had been stolen from his shop, and that he charged the prisoner with taking it; but the prisoner denying the taking, the witness told him he could prove it. The prisoner then admitted he had taken the bottle of water, and offered to pay the witness one dollar for it. The witness refusing to receive the pay, insisted on having the bottle returned, and it was accordingly delivered to him by the prisoner. No other evidence of the freedom of Joseph Lee was offered. The counsel for the prisoner moved the Court to instruct the jury to find for the prisoner, because there was no competent evidence of the fact that Joseph Lee, who is charged in the indictment to be the owner of property therein mentioned, is a free man. The Court gave the instruction, and the State excepted to the opinion and instruction of the Court. The prisoner being acquitted, a writ of error is prosecuted to reverse the judgment of the Circuit Court. The counsel for the prisoner did not argue this case. By the Circuit Attorney, two points are made:

First. That the evidence was competent and improperly excluded.

Second. That a bill of exceptions lies in a criminal case.

First. The Court thinks that the testimony was competent, and the instruction improperly given.

It is not necessary to say whether property in the charge of a slave could be properly charged in an indictment to be his property, for it does not appear that Joseph Lee was a slave; but his keeping a barber's shop and selling articles in that shop is such evidence of freedom as ought to have gone to to the jury.

Second. At common law the bill of exceptions does not lie. The statute gives it only in civil cases.

The opinion of the Court is, that the writ of error be dismissed.